UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



—————————————————————

WINSTON TOE GODFREY,

        Petitioner,

v.                                                            23-CV-303 (JLS)

JEFFREY SEARLS, in his official
capacity as Officer-in-Charge, Buffalo
Federal Detention Facility, U.S.
Immigration and Customs
Enforcement, U.S. Department of
Homeland Security,

        Respondent.

—————————————————————

## DECISION AND ORDER

    Petitioner Winston Toe Godfrey brings this petition for a writ of habeas

corpus challenging his detention in the custody of the United States Department of

Homeland Security ("DHS") at the Buffalo Federal Detention Facility. Dkt. 1. For

the reasons that follow, the petition is DISMISSED.

## BACKGROUND

    Godfrey is a native of Liberia who entered the United States as a refugee in

1999. *See* Dkt. 1-3 at 1. In 2016, Godfrey was convicted of possessing a controlled

substance with intent to distribute in violation of Pennsylvania law. *Id.* at 2. On

December 21, 2021, U.S. Immigration and Customs Enforcement ("ICE") agents

"encountered Petitioner at his residence after a targeted enforcement operation,"

and "a Notice to Appear was issued" as to Godfrey. Dkt. 4-1 ¶¶ 20, 21. Godfrey is

"subject to removal" under "Section 237(a)(2)(B)(i) of the Immigration and
Nationality Act" (the "Act") in that, after admission, he was convicted of a violation
"relating to a controlled substance," and "Section 237(a)(2)(A)(iii)" of the Act in that
he was "convicted of an aggravated felony" relating to drug trafficking. *Id.* ¶ 21.
ICE determined that Godfrey shall be detained pending adjudication of the removal
proceedings against him. *Id.* at ¶ 22. Godfrey is currently detained at the Buffalo
Federal Detention Facility in Batavia, New York, pending his removal from the
United States. *Id.* ¶ 35.

On March 27, 2022, Godfrey moved to terminate his removal proceedings,
arguing that his conviction was not an aggravated felony. *See* Dkt. 1-5 at 2. That
motion was denied by United States Immigration Judge Robert P. Driscoll in a
Decision and Order dated June 13, 2022. *See id.* On November 3, 2022, Judge
Driscoll denied various applications by Godfrey and ordered him "removed to
Liberia." Dkt. 1-3 at 15. On December 1, 2022, Godfrey appealed the removal order
to the Board of Immigration Appeals ("BIA"). *See* Dkt. 1-8.

While that appeal was pending, Godfrey petitioned this Court for a writ of
habeas corpus challenging his detention in DHS custody. *See* Dkt. 1. He argues
that his "detention has become unreasonably prolonged," and seeks "a writ of
habeas corpus" directing Searls to "release" him from "further unlawful detention."
*Id.* at 17. In the alternative, Godfrey requests that this Court "issue a conditional
writ of habeas corpus" requiring DHS to provide Godfrey with an "individualized
custody hearing" before a "neutral arbiter. . . ." *Id.*

On May 23, 2023, Godfrey's BIA appeal was dismissed. *See* Dkt. 5-2. Searls then filed a response and motion to dismiss with this Court, arguing that Godfrey's petition is "premature" under the statute that governs his current detention. *See* Dkt. 5-3. Godfrey opposed Searls' motion, and Searls replied. Dkt. 8, 9. On June 7, 2023, Godfrey petitioned the United States Court of Appeals for the Second Circuit for review of the BIA's decision. *See Godfrey v. Garland*, Case No. 23-6588 (2d Cir.). He moved to stay his removal June 21, 2023. *Id.* at Dkt. 10. That motion remains pending.

## DISCUSSION

Searls argues that Godfrey's petition is "premature" because Godfrey "became subject to a final order of removal on May 23, 2023" and, "pursuant to Supreme Court precedent," the Government is "entitled to a statutory 90-day 'removal period' [under 8 U.S.C. § 1231] and a six-month 'presumptively reasonable' period of detention to remove a noncitizen." Dkt. 5-3 at 1. Godfrey responds that "detention authority" over him "has not shifted from 8 U.S.C. § 1226(c) to 8 U.S.C. § 1231 because there remain legal impediments to his removal: namely, the Second Circuit's forbearance policy which stays his removal." Dkt. 8 at 2.

As discussed below, Godfrey's current detention is governed by Section 1231(a). Accordingly, to the extent Godfrey challenges his detention as violating Section 1226(c), his claims are moot. Further, to the extent Godfrey challenges his detention under Section 1231 as unduly prolonged, the petition must be dismissed because it is premature.

3

## I.   LEGAL FRAMEWORK

8 U.S.C. § 1226 governs the detention of aliens *before the removal period*—broadly speaking, the detention of those aliens who "are not immediately deportable." *Hechavarria v. Sessions*, 891 F.3d 49, 57 (2d Cir. 2018).  Section 1226(c) specifically governs the arrest and detention of aliens who have committed certain criminal offenses enumerated in 8 U.S.C. § 1227.  *See* § 1226(c).  This section provides, in relevant part, that the "Attorney General shall take into custody any alien who . . . is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title."  *Id.* § 1226(c)(1)(B).  Thus, detention of certain criminal aliens pending removal proceedings is mandatory.

8 U.S.C. § 1231 governs the detention of aliens *during and after the removal period*—namely, those who are subject to final orders of removal.  This period is derived from the statute, which provides DHS 90 days to effectuate a removal from the United States following the entry of a final order of deportation or removal.  *See* § 1231(a)(1)(A).

In particular, Section 1231(a)(1)(B) states that the removal period begins at the latest of the following events:

(i)    The date the order of removal becomes administratively final.

(ii)   If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii)  If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B).

4

During the 90-day removal period, detention is mandatory. *Id.* § 1231(a)(2). Once this removal period is over, detention is discretionary: an alien may be detained beyond the removal period if, among other things, he or she is removable under certain provisions of 8 U.S.C. § 1227. *See id.* § 1231(a)(6). Six months of detention is "presumptively reasonable" pursuant to the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). After six months, a detained noncitizen may seek release by demonstrating that his or her removal is not likely to occur in the reasonably foreseeable future. *Id.* at 699-700.

## II.   GODFREY'S PETITION MUST BE DISMISSED

At the time Godfrey filed the petition on April 5, 2023, his detention was mandatory under Section 1226(c). But BIA dismissed his appeal on May 23, 2023. *See* Dkt. 5-2. At that point, Godfrey's order of removal became "administratively final" within the meaning of § 1231(a)(1)(B)(i). Neither of the other two types of triggering events has occurred. *See* § 1231(a)(1)(B)(ii) and (iii). Thus, the removal period under Section 1231(a)(1) began on May 23, 2023.

The Court rejects Godfrey's argument that "detention authority" over him "has not shifted from 8 U.S.C. § 1226(c) to 8 U.S.C. § 1231." *See* Dkt. 8 at 1-2. Godfrey essentially argues that Section 1226(c) continues to govern his detention because the removal period under Section 1231(a)(1) will not begin until the Second Circuit issues a final ruling on his removal order. As discussed, Section 1231(a)(1)(B)(ii) provides that where "the removal order is judicially reviewed and if a court orders a stay of the removal of the alien," the "date of the court's final order"

marks the beginning of the removal period—so long as it is the latest of all triggering events to have occurred.

Here, Section 1231(a)(1)(B)(ii) does not apply.  The Second Circuit has not "order[ed] a stay of the removal" of Godfrey.  That Court has not ruled on Godfrey's stay motion.  Further, as this Court has previously concluded, the forbearance agreement between DHS and the Second Circuit,[1] without more, does not give a petitioner grounds to argue that there is no significant likelihood of removal in the reasonably foreseeable future.  *See Brathwaite v. Barr*, 475 F. Supp. 3d 179, 186 (W.D.N.Y. 2020).  *See also Dorville v. Searls*, No. 23-CV-6075 (CJS), 2023 WL 4107981, at *6 (W.D.N.Y. June 21, 2023) ("the Court finds that the forbearance agreement is not a substantial impediment to Petitioner's removal"); *Narain v. Searls*, 19-CV-6361 (CJS), 2020 WL 95425, at *3 (W.D.N.Y. Jan. 8, 2020) ("disagree[ing] with the courts . . . that have found the DHS-Second Circuit [forbearance] agreement to be equivalent to a court-ordered stay").

Accordingly, to the extent Godfrey challenges his detention as violating Section 1226(c), his claims are moot.  *See Wang v. Ashcroft*, 320 F.3d 130, 147 (2d Cir. 2003) ("To the extent that Wang previously may have had a cognizable due

---

[1] DHS and the Second Circuit have "entered into a forbearance agreement wherein the government 'has assured that removal will not occur' while the detainee has a PFR pending before that court." *Barrera Zuniga v. Garland*, No. 6:21-CV-06243 EAW, 2021 WL 5989779, at *3 (W.D.N.Y. Dec. 16, 2021) (quoting *In re Immigration Petitions for Review Pending in U.S. Court of Appeals for Second Circuit*, 702 F.3d 160, 162 (2d Cir. 2012)).

process argument under [§ 1226], that claim has been rendered moot"); *Espinoza v. Barr*, No. 20-CV-595, 2020 WL 5995182, at *1 (W.D.N.Y. Oct. 8, 2020) (holding that, in light of the Second Circuit's dismissal of the petition for review and vacatur of the temporary stay, petitioner's claims under Section 1226 were moot).

Further, to the extent Godfrey challenges his current detention under Section 1231 as unduly prolonged, his claims must be dismissed as premature. Godfrey has been detained under Section 1231 for under two months. His detention is mandatory during the 90-day removal period under Section 1231(a)(2), and the "presumptively reasonable period" under *Zadvydas* will not expire until November 23, 2023. Thus, Godfrey's claims are premature under the framework in *Zadvydas*. *See, e.g., Bazile v. Garland*, No. 20-CV-1819 (JLS), 2021 WL 9455715, at *3 (W.D.N.Y. July 1, 2021) (dismissing petition as premature under Section 1231 where Petitioner had "been detained under Section 1231 for under two months"); *Espinoza*, No. 20-CV-595, 2020 WL 5995182, at *1 (dismissing petition as premature where petitioner was detained "under § 1231 for under two months—less than the presumptively-reasonable six-month period"); *Ousman D. v. Decker*, No. CV 20-2292 (JMV), 2020 WL 1847704, at *7 (D.N.J. Apr. 13, 2020) ("As for Petitioner's argument that his likelihood of removal is unforeseeable, his argument is premature as he has not yet met the six-month period of detention, that would trigger this inquiry under *Zadvydas*"); *Frederick v. Feeley*, No. 19-CV-6090 (FPG), 2019 WL 1959485, at *4 (W.D.N.Y. May 2, 2019) (dismissing petition

7

as premature when the petitioner had "not been detained beyond the presumptively reasonable period of detention").

## CONCLUSION

For the reasons discussed above, Searls' motion to dismiss (Dkt. 5) is granted. Godfrey's petition is DISMISSED under Section 1226 as moot and under Section 1231 as premature.  This dismissal is without prejudice to Godfrey filing a new petition if his detention under Section 1231 has lasted longer than six months if he can, at that point, "provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *See Zadvydas*, 533 U.S. at 701.  The Clerk of Court shall enter judgment and close this case.

SO ORDERED.

Dated:       July 10, 2023
             Buffalo, New York

                                        _____
                                        JOHN L. SINATRA, JR.
                                        UNITED STATES DISTRICT JUDGE